Isabel Gray, Appellee, *vs.* The Chicago Consolidated Traction Company, Appellant.

*Opinion filed December 22, 1909.*

Negligence—*when question whether injury resulted from accident is for the jury.* In an action for damages for the alleged fracture of a rib of a young child, who was in her mother's arms when the latter was thrown to the floor of a street car by the force of a collision, proof that the child was in ordinary health before the accident, that thereafter her health was impaired and so continued for several months, when physicians, other than the one who had been treating her, diagnosed her condition as due to a previous fracture of a rib, is sufficient to go to the jury upon the question whether the injury resulted from the accident, though the attending physician attributed her condition to other causes.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. George A. Dupuy, Judge, presiding.

John A. Rose, and Frank L. Kriete, (W. W. Gurley, of counsel,) for appellant.

W. A. Flanegan, and Coburn & Case, (Munson T. Case, of counsel,) for appellee.

Mr. Chief Justice Farmer delivered the opinion of the court:

This action was brought by appellee to recover damages for a personal injury alleged to have been sustained by the negligence of appellant. The negligence alleged in the declaration was running a street car upon which appellee, with her mother, was a passenger, into and against a freight train crossing over the street car tracks. Appellee claimed to have sustained a fractured rib as a result of the collision. She obtained a judgment in the trial court for $1000, which was affirmed by the Appellate Court, one

of the judges dissenting. A certificate of importance was granted by the Appellate Court, and this appeal is from the judgment of affirmance by the Appellate Court.

That appellant was guilty of negligence is not controverted. The contention is, that there is no proof tending to show any connection between appellee's injury and the collision of the street car with the freight cars. At the time of the appellee's injury she was four years old. Her mother, seeing the street car was about to come into collision with the freight cars, took her in her arms. The street car struck the freight cars with very considerable force, and appellee's mother testified she and appellee were thrown to the other end of the car and the other passengers aboard it upon them; that when the other passengers were thrown upon them the witness was on the floor of the car with the child in her arms. The witness was severely injured herself, and testified that she was in a dazed condition for a time following the accident and could not state just what position the child was in with reference to her body. Mother and child went to the home of a sister of the mother, which was nearer to them than their own house, and remained there several weeks, until the mother's health was sufficiently restored for her to leave. Dr. Hammett was called to see the mother at once after her injury and also examined the child. The doctor testified he discovered no injuries to appellee. The testimony tends to show that the child cried at the time of the accident and frequently thereafter during the next two weeks, and her condition then became such that Dr. Hammett was again called and treated her, but he testified he did not treat her for injuries to her person. He treated her for tonsilitis, and administered some medicines and directed poulticing her abdomen with hot cloths and poultices. Appellee's aunt, at whose house she was staying, testified that when Dr. Hammett was examining appellee she said to him, "I hurting here," and put her hand to her breast. This was

242—31

denied by Dr. Hammett. The testimony tends to show
that appellee's condition continued unhealthy, and in Octo-
ber following the injury a lump or protrusion was found
on her breast. She was then examined by Dr. Murdock,
who testified there was a prominence on her right side,
just beneath the right nipple, caused by a previous fracture
of the fifth rib. In November and December she was ex-
amined by Drs. Brown and Ochsner. They testified they
found the same conditions testified to by Dr. Murdock, and
that they diagnosed the trouble as a result of a previous
fracture of the fifth rib. The same doctors testified they
had examined appellee just before the trial and that the
same conditions then existed. Appellant offered medical
testimony to the effect that the prominence on the breast
was not from a fracture, but that the child was what is
called "chicken" or "pigeon-breasted," and Dr. Hammett
testified that he attributed her condition to rickets and a
diseased condition of the tonsils. Appellant contends that
under this condition of the proof it was the duty of the
trial court to have directed a verdict in its favor, because,
it is claimed, the proof did not tend to show that the frac-
tured rib was caused by the collision of the street car and
the freight cars.

Appellee's proof showed that, with the exception of
slight ailments to which children are subject, appellee had
previous to the accident enjoyed good health, but imme-
diately following said accident, and continuing up to the
present time, her health has not been good. Appellee's
mother testified appellee had never received an injury at
any other time, that she knew of, and there was no proof
whatever that she had. The greater portion of the brief
and argument of appellant is devoted to the proposition
that there was no proof tending to show appellee was in-
jured in the collision and that the medical testimony of the
fractured rib was therefore incompetent. There can be no
question that the violence to appellee's person from the col-

lision was of a character to have reasonably caused such an injury as she complains of. The fracture of the fifth rib was said by some of the surgeons who examined appellee to be a "green stick" fracture. The proof does not show any such examination of her by Dr. Hammett, following the accident, as to preclude the idea that such an injury resulted to her at the time of and from the accident. The further fact that the evidence tends to show appellee suffered pain in the region of the fractured rib immediately afterwards and that her health thereafter was impaired and so continued, together with the medical testimony that the condition of appellee's breast was the result of a previous fracture of the fifth rib, was sufficient to submit to the jury to determine whether the fractured rib was caused by the violence to her person from the collision. The fact that the injured rib was not immediately discovered is not conclusive that it was not caused by the accident. Whether it was so caused was a question to be determined by the jury. This seems so plain as to render the citation of authorities unnecessary. The sufficiency of the proof was settled by the judgment of the Appellate Court and is not open for review here.

There was no error in the rulings of the trial court of such a substantial character in the admission and exclusion of testimony as would require a reversal of the judgment.

Reversal of the judgment is also asked by appellant on the ground of alleged misconduct of counsel for appellee on the trial. We have examined that complaint, and while we cannot say that counsel's conduct was in all respects entirely unobjectionable, the acts complained of are too unimportant to afford ground for reversal.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*